UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUKHBIR KAUR,

          Plaintiff,

    v.

US AIRWAYS, INC.,

          Defendant.

No. C-12-5963 EMC

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

**(Docket No. 19)**

## I. INTRODUCTION

Pending before the Court is Defendant's Motion for Transfer of Venue. Docket No. 19. Plaintiff filed the instant suit, which alleges disability discrimination and retaliation in violation of California's Fair Employment and Housing Act, in state court on October 31. 2012. Defendant removed the case to federal court on November 21, 2012. Defendant now moves to have the case transferred to the District of Arizona, where Defendant is based, and where Plaintiff has moved since filing suit. The parties agree that this case could have originally been filed in the District of Arizona, but dispute whether the relevant factors weigh in favor of this Court exercising its discretion to transfer the case. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff began working for Defendant as a customer service agent at the Oakland Airport in 2002. First Amended Complaint ("FAC") ¶ 11; Declaration of David Whitfield ("Whitfield Decl.") ¶ 4 (Docket No. 21). Defendant is an airline with its headquarters in Tempe, Arizona. Whitfield

Decl. ¶ 3. In March 2010, Plaintiff suffered a work-related injury to her back. Declaration of Sukhbir Kaur ("Kaur Decl") ¶ 4 (Docket No. 27). After her injury, Plaintiff continued to work light duty until August 2010, when she alleges Defendant compelled her to take unpaid medical leave. FAC ¶¶ 13-14.

In December 2010, Plaintiff's doctor released her to work with permanent medical restrictions. Kaur Decl. ¶ 4. At that time, requested to be returned to modified work. *Id.* ¶ 9. She spoke with Defendant's Station Manager for the Oakland Airport, Alfredo Manteca, and Defendant's Human Resources Manager David Whitfield. *Id.* While Mr. Manteca worked in Oakland and still resides in Northern California, Mr. Whitfield worked and continues to work at Defendant's headquarters in Arizona. Whitfield Decl. ¶ 3; Kaur Decl. ¶ 6, 8. At some point in time, Mr. Manteca retired, and was replaced by James Nobles. *Id.* ¶ 11. Plaintiff continued to request modified work, including submitting transfer requests to positions in other cities in California and across the country. *Id.* ¶ 12. She filed the instant suit in state court on October 31, 2012. Docket No. 1.

Finally, in late November 2012, Plaintiff was selected for and accepted a modified position with Defendant in Phoenix, Arizona. Whitfield Decl. ¶ 7; Kaur Decl. ¶ 13. Plaintiff states that she took this position because she was facing a "serious financial crisis," and that she is currently trying to transfer back to California, where many of her family members and her "entire support system" reside. Kaur Decl. ¶¶ 13, 16. In Arizona, she does not have a permanent residence, but is staying in temporary lodgings at the YMCA. *Id.* ¶ 17. Plaintiff considers San Francisco to be her permanent place of residence. *Id.* ¶ 19. She has her mail sent to her address in San Francisco, and has returned to California every week since beginning to work in Phoenix. *Id.*

Other facts are discussed as relevant to the factors below.

### III. DISCUSSION

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In the instant case, Defendant seeks a transfer to the District of Arizona. Plaintiff does not argue that the District of Arizona is a district where the

2

action could not have been brought. *See* Pl.'s Opp. at 4 n.1. Accordingly, the only question is whether this Court should transfer the action for the convenience of parties and witnesses, and in the interest of justice.

A district court has discretion in deciding whether or not to transfer a case. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir.2007) (stating that a "district court's decision to change venue is reviewed for abuse of discretion"; adding that " '[w]eighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge' "). The party seeking transfer has the burden of showing that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979). The Ninth Circuit has noted that, in exercising its discretion, a court may consider factors such as:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" . . . .

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (discussing private and public factors affecting the convenience of a forum).

Consistent with the above, courts in this district have commonly articulated the relevant factors as:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho–Mcneil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal.2009).

In this case, factor six is inapplicable, and factors four and seven are neutral. Though factors two, five, and seven have some impact on the analysis in this case and are discussed below, the critical factors in this case are plaintiff's choice of forum and the convenience of the witnesses.

A.     Plaintiff's Choice of Forum

Generally, the plaintiff's choice of forum is accorded significant deference. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). To be sure, "[w]here a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight." *Vu v. Ortho-McNeil Pharm., Inc*., 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); *see also Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006) ("the degree to which courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint."); *Gemini Capital Group v. Yap Fishing Corp*., 150 F.3d 1088, 1091 (9th Cir.1998) (stating that "the district court correctly acted on Ninth Circuit authority in granting Plaintiffs' choice of Hawaii as a forum less deference" where, inter alia, none of them were Hawaii residents). "The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied to the notion that plaintiffs should be discouraged from forum shopping." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001) (affording deference to non-resident plaintiff's choice of forum where plaintiff was incarcerated out of district bu indicated an intent to reside in the forum of choice when released).

While Plaintiff currently resides primarily in Arizona, this is not a case where a plaintiff with no ties to a district is engaging in forum shopping. Plaintiff resided in this District at the time she filed suit. Plaintiff resided in this District during the entire time that the events in question took place, and while she may have been communicating with Defendant's out of state employees during this time, many of the events at issue can be said to have occurred in this District. Plaintiff maintains significant ties in this District, including an address where she has her mail sent and where she returns on a weekly basis. Plaintiff has indicated that she considers California to be her permanent residence, and she is attempting to transfer back to this District. Given these facts, there is no indication that Plaintiff is engaged in forum shopping, and her preference has a reasonable basis and should be given deference.

Additionally, this Court finds it significant that Plaintiff is currently living in Arizona solely because that is the only light duty position that Defendant offered her. Plaintiff was apparently offered this position after the instant suit was filed. Defendant also has control over whether Plaintiff's request to transfer back to a position in Northern California is granted. Under these circumstances, the Court is unconvinced by Defendant's argument that Plaintiff's choice of forum is owed little deference because she is currently living outside of this District.[1]

Given the deference generally accorded a plaintiff's choice of forum, the Court finds that this factor weighs heavily against transferring this case to the District of Arizona.

B.  Convenience of Witnesses

The parties sharply dispute whether this factor weighs for or against transfer, each identifying witnesses residing in the respective forum of choice that are claimed to be critical.

1.  Witnesses Identified by Plaintiff

Plaintiff identifies three witnesses residing in the Northern District of California who she argues are important to this case. Alfredo Manteca was her manager during the relevant period of time, and communicated with her regarding her requests to return to work after her injury. Kaur Decl. ¶ 6. He is now retired and Plaintiff believes him to live in Northern California. *Id.* ¶ 8. Angela Cervantes was Plaintiff's supervisor during the relevant period of time, and she still lives and works in Oakland. *Id.* ¶ 6. Plaintiff states that Ms. Cervantes did not communicate with her about her return to work, but that she is familiar with Plaintiff's work performance. *Id.* Dr. Albert Retodo is Plaintiff's treating physician for her back condition. *Id.* ¶ 5. He is located in Oakland, California. *Id.*

---

[1] Defendant disputes Plaintiff's assertion of ties to Northern California, noting that when she was seeking to return to work, she applied for positions across the country. Given that Plaintiff had not been successful in securing modified work in Oakland, however, this could simply be an indication of her financial desperation. Defendant also notes that Plaintiff's current transfer request includes only one city in Northern California, two in Southern California, and five outside of California. Kaur Decl. Ex. B. Given Plaintiff's showing of significant ties to Northern California, however, this fact is not sufficient to indicate that her choice of forum should not receive deference.

5

### 2. Witnesses Identified by Defendant

Defendant identifies a number of witnesses living in Arizona. The most important seems to be David Whitfield, who Defendant contends was Plaintiff's primary contact for trying to find a position that could accommodate her medical restrictions. Def.'s Mot. at 2. He also coordinates recruitment for some of the positions for which Plaintiff applied. Whitfield Decl. ¶ 15. Defendant also identifies Arizona-based witnesses Ron Harbinson and Jody Manuele, who work for Defendant's Labor Relations Department, which oversees Defendant's relationship with Plaintiff's union. *Id.* ¶ 9-11. Defendant states that both witnesses are important for their knowledge of the terms and conditions of Plaintiff's collective bargaining agreement, such as the terms for transferring to other positions. *Id.* ¶ 11. Defendant also identifies manager Jason Schlattman who oversaw Plaintiff's workers' compensation claim, and managers Barbara Aichinson, Kelly Barrett, and Kimie Shanahan, each of whom had hiring responsibility over some of the positions for which Plaintiff applied. *Id.* ¶¶ 14, 16-18. Defendant does not indicate that Aichinson, Barrett, or Shanahan had any direct interactions with Plaintiff or involvement in decision making regarding her applications, but represents that they can testify as to the position openings generally, and the requirements of the position. *Id.* All four of these individuals are based in Arizona. *Id.*

Both parties identify additional key witnesses who live in neither district. These witnesses live far enough from both districts to have a neutral effect on this analysis. Whitfield Decl. ¶ 13 (identifying witness in North Carolina); Kaur Decl. ¶ 11 (identifying witness in Ohio).

Though Defendant identifies more Arizona-based witnesses than Plaintiff identifies for Northern California, all of the witnesses in Arizona are current employees of Defendant, so there are no concerns that Defendant will not be able to secure their testimony if it deems it necessary. In contrast, two of the three witnesses Plaintiff identifies are neither parties nor employees of Defendant. In considering the convenience of witnesses, courts have recognized that the convenience of *non-party witnesses* is more important than the convenience of party witnesses, including representatives of corporate parties. *See Shabani v. Volkswagen Grp. of Am. Inc.*, C 12-02365 LB, 2012 WL 4675047, at *6 (N.D. Cal. Oct. 2, 2012) ("these corporate representatives and documents are under VW's control, and the convenience to VW is less important than the

6

Case3:12-cv-05963-EMC Document33 Filed05/06/13 Page7 of 10

1 convenience of non-party witnesses"); *Clark v. Sprint Spectrum L.P.*, C 10-03625 SI, 2010 WL
2 5173872, at *3 (N.D. Cal. Dec. 15, 2010) ("The convenience of non-party witnesses is a more
3 important factor than the convenience of the parties."); *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d
4 1304, 1307 n.2 (Fed. Cir. 1999) ("the witnesses to be called by the defendant are all its employees;
5 thus their location is not as important a factor as it would be if they were not under the defendant's
6 control and it would be forced to subpoena those witnesses and therefore require the court to have
7 jurisdiction over them"). It is also notable that, as an airline, Defendant is able to arrange travel for
8 its witnesses more cheaply than Plaintiff would be able to do for hers.

9 In addition, other than Whitfield and Schlattman, it is not clear that any of the witnesses
10 identified by Defendant had any direct contact with Plaintiff or have personal knowledge of
11 decisions made about her case. *See* Pl.'s Opp. at 9 ("Only one witness listed by Defendant, Mr.
12 Whitfield, was involved in the discriminatory acts that gave rise to this lawsuit."). Nor is it clear, for
13 example, that there are no Northern California-based employees of Defendant who could
14 competently testify to the relevant terms of the collective bargaining agreement. It would appear,
15 therefore, that many of Defendant's identified witnesses are less critical to this action. *See Saleh v.*
16 *Titan Corp.*, 361 F. Supp. 2d 1152, 1161 (S.D. Cal. 2005) ("the court must consider not simply how
17 many witnesses each side has and the location of each, but, rather, the court must consider the
18 importance of the witnesses").

19 Defendant argues that Dr. Retodo's location should not weigh in the analysis because the
20 location of expert witnesses is not to be considered in analyzing § 1404 motions. This argument,
21 however, mischaracterizes Dr. Retodo's role. He is not a retained expert witness, interchangeable
22 with an expert from Arizona. He is Plaintiff's treating physician, and thus has personal knowledge
23 of the evolution of her medical condition over the relevant period of time, and of the medical
24 restrictions he recommended for her.

25 On balance, this Court finds that this factor weighs against transfer. While one of Plaintiff's
26 witnesses, and a number of Defendant's are of unclear necessity in this case, Whitfield, Manteca,
27 and Dr. Retodo are all clearly key witnesses. More critically, the Arizona-based witnesses are all
28 employees of Defendant, which means that Defendant would have no trouble securing their

United States District Court
For the Northern District of California

7

testimony. Concerns for the convenience of the Northern California non-party witnesses outweighs the convenience of the Arizona witnesses, who are all under the control of Defendant.

C.      Additional Factors Weighing Against Transfer

The question of each forum's familiarity with the applicable law weighs against transfer. Plaintiff's brings claims based solely on California law, the Fair Employment and Housing Act ("FEHA"). Compl. ¶¶ 11-42. While Defendant correctly points out that FEHA's disability discrimination protections are modeled in part on the federal Americans with Disabilities Act ("ADA"), the two laws are not identical. *See Foster v. City of Oakland*, 649 F. Supp. 2d 1008, 1016-17 (N.D. Cal. 2009) (recognizing that FEHA and ADA claims "may be analyzed together in the absence of contrary or different law on a particular issue," but noting that FEHA makes it easier to establish disability). Courts in this district have recognized that there is a public interest in trying FEHA claims in California that weighs against transfer to out of state district courts. *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 539 (N.D. Cal. 2005) ("The public interest in trying plaintiffs' California claims [under FEHA] within this state weighs against transfer to Colorado or Washington.").

Defendant argues that the fact that the claims alleged arise under FEHA does not necessarily prevent transfer, and that Arizona courts are able to apply California law. While this is correct, it does not change the fact that this factor weighs against transfer. Defendant points to *Urscheler v. Blenheim*, in which the court transferred a case alleging violations of FEHA, along with a variety of claims arising under state and federal law. *NDN Inc.*, C-95-20469-JW, 1995 WL 566017 (N.D. Cal. Sept. 21, 1995). Of relevance, the court recognized that the state law claims did weigh against transfer; however, it found transfer appropriate because all parties and most witnesses resided in New Jersey, the majority of the underlying events took place in New Jersey, and the case implicated questions of federal and New Jersey law. *Id.* ("Although there are a number of causes of action based on alleged violations of California statutes, this factor is not dispositive.").

Further, the factor of local interest in the controversy weighs somewhat against transfer. During the relevant period of time, Plaintiff lived and worked in California. She sustained her

workplace injury on the job in this District, received treatment for her injury in this District, and interacted to at least some degree with local manager Manteca about accommodating her disability.

Defendant also argues that Arizona has a local interest in resolving disputes between its residents. While this may weigh somewhat towards transfer, as discussed above, Plaintiff is only in Arizona because it was the only place where Defendant offered her a position that would accommodate her medical restrictions. On balance, given the fact that the relevant events took place largely in California, this factor weighs against transfer.

D. Factor Favoring Transfer

The only factor favoring transfer in this case is the convenience of the parties, though it weighs only slightly in favor of transferring the case. Defendant's headquarters is in Tempe, Arizona, and Plaintiff currently spends most of her time in Phoenix, Arizona. Plaintiff spends considerable time in Northern California, however, and is currently seeking a transfer to this District. Also, as Plaintiff points out, since Defendant is an airline and Plaintiff and many witnesses are airline employees, the parties have access to air travel at minimal cost.

On balance, the factors here weigh against transfer. Plaintiff's choice of forum is entitled to deference because she lived in this District at the time the suit was filed, she maintains strong ties and an intention to return to this District, and because she only left the District to take a job Defendant offered her. There is no indication of the kind of forum shopping that would undermine the deference courts usually give to a plaintiff's choice of forum. The convenience of witness also weighs against transfer, as all of the non-party witnesses identified in the briefing on this motion live in this District. Additionally, transfer is disfavored because the claims Plaintiff raises are grounded entirely in California state law, and because Plaintiff lived and worked in the District during the time of the underlying events. Though the convenience of the parties may weigh slightly in favor of transfer, this is not sufficient to overcome the factors against transfer.

///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to transfer venue is **DENIED.** This order disposes of Docket No. 19.

IT IS SO ORDERED.

Dated: May 6, 2013

_____
EDWARD M. CHEN
United States District Judge